UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 9, 2014

LETTER TO COUNSEL:

RE: *Georganna Brooks v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2218

Dear Counsel:

On July 30, 2013, the Plaintiff, Georganna Brooks, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 12, 16. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Ms. Brooks filed her claims on May 21, 2010, alleging a disability onset date of June 30, 2009. (Tr. 196–208). Her claims were denied initially and on reconsideration. (Tr. 113–18, 123–36). A hearing was held on May 9, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 43–56). Following the hearing, the ALJ determined that Ms. Brooks was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12–26). The Appeals Council denied Ms. Brooks's request for review, (Tr. 1–5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Brooks suffered from the severe impairments of bilateral knee osteoarthritis status post replacements, affective disorder, and anxiety disorder. (Tr. 17). Despite these impairments, the ALJ determined that Ms. Brooks retained the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) with limited pushing/pulling with the bilateral lower extremities, no crawling or climbing of ladders/ropes/scaffolds, only occasional performance of other postural activities, an avoidance of even moderate exposure to workplace hazards, and an avoidance of concentrated exposure to both extreme temperatures and vibration. She is capable of completing simple tasks, following simple directions / assisting in simple work tasks to completion, everyday social interactions, adjusting to ordinary changes, following work rules, and maintaining safety. The

> claimant retains the capacity to perform simple, routine, nonstressful work in a competitive environment involving little-to-no contact with the public or coworkers.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Brooks could perform jobs existing in significant numbers in the national economy, and that she was not therefore disabled. (Tr. 25–26).

Ms. Brooks's primary challenge on appeal is that the ALJ made an erroneous RFC assessment. She argues that the medical evidence establishes that she is capable of performing only sedentary work. As part of her argument, she first contends that the ALJ did not assign proper weight to her GAF scores, or to the opinions of a registered nurse. Second, she disagrees with the ALJ's adverse credibility determination. Finally, she argues that, but for the ALJ's combination of errors, she would have been deemed disabled pursuant to the Medical Vocational Guidelines. Each argument lacks merit and is addressed sequentially.

Ms. Brooks first argues that the ALJ improperly rejected her GAF scores. Pl.'s Mot. 14-15. The ALJ stated that he considered Ms. Brooks's GAF scores and assigned them "appropriate weight to the extent they are consistent with the credible evidence of record and the above residual functional capacity." (Tr. 24). While the assignment of "appropriate weight" fails to convey the precise weight accorded to the GAF scores, *see Lewis v. Colvin*, CBD-11-1423, 2013 WL 6839505, at *5–6 (D. Md. Dec. 23, 2013), such error is harmless here because GAF scores are not determinative of disability. *See, e.g.*, *Davis v. Astrue,* Case No. JKS–09–2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010) (noting that the SSA does not endorse the use of GAF scores, and, further, that GAF scores do not correlate to the severity requirements in the mental disorder listings). However, nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record. *See, e.g.*, *Kozel v. Astrue,* No. JKS–10–2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012) ("[E]ven though a GAF score is not determinative of whether a person is disabled under SSA regulations, it may inform an ALJ's judgment."). The ALJ clearly considered Ms. Brooks's GAF scores together with the other medical evidence of record in determining her RFC assessment. *See* (Tr. 21–24). The ALJ noted that three of Ms. Brooks's GAF scores — 43, 45, and 50 — indicated serious to moderate symptoms, *see* (Tr. 22–23), however, the scores were of limited value because they offered only a snapshot of her functioning on a given day and did not provide a longitudinal indication of overall functioning. (Tr. 24). Given that GAF scores are not outcome determinative, and that the ALJ appropriately considered the GAF scores as part of his overall assessment, remand on this argument is unnecessary.

Ms. Brooks next argues that the ALJ improperly rejected the opinions of Betty Clark, a registered nurse. The ALJ afforded RN Clark's opinions "little-to-no weight" in part because RN Clark is not considered an acceptable medical source. Ms. Brooks agrees that RN Clark is not an acceptable medical source; however, she argues that because RN Clark submitted the two Mental RFC Questionnaires from a treating physician's office, her opinions should be viewed as those of treating physician Dr. Callis. Pl.'s Mot. 15–16. In the alternative, Ms. Brooks argues

that remand is warranted because the ALJ failed to apply the proper factors for evaluating opinion evidence. *Id.* at 17–19. Both arguments lack merit. First, this Court will not presume that the Mental RFC Questionnaires reflect the opinions of Dr. Callis merely because the forms were submitted from his office, and are addressed to both him and RN Clark. *See* (Tr. 522–26, 566–70). RN Clark completed, printed, and signed her name on both forms. There is no evidence indicating that authorship of the opinions is shared by anyone other than RN Clark. Accordingly, the ALJ did not err by failing to evaluate the Mental RFC Questionnaires as treating source opinions.

Second, the ALJ articulated several reasons why he afforded RN Clark's opinions "little-to-no-weight," all of which are supported by substantial evidence. (Tr. 24). The ALJ noted the brief treatment history between RN Clark and Ms. Brooks, and the inconsistency between RN Clark's opinions and the other medical evidence of record. *Id.* Specifically, the ALJ pointed out that RN Clark's opinions were inconsistent with the treatment notes of Dr. Callis, who observed in June, August, September, and December, 2011 that Ms. Brooks was "stable with her present medications." *See* (Tr. 548, 550, 551, 553); *see also* (Tr. 509) (April, 2011 treatment note indicating that Ms. Brooks is "eating well and sleeping well" and "is in a very good mood"); (Tr. 510–11) (February, 2011 mental status exam demonstrating normal speech and psychomotor activity, intact thought flow and content, and depressed affect and mood); (Tr. 515) (January, 2011 GCHMC diagnostic evaluation noting anxious mood, appropriate affect, intact flow and content of thought, normal cognitive orientation). The ALJ also noted that Ms. Brooks was taking college courses at the time of her evaluations with RN Clark, which further undermined RN Clark's opinions. (Tr. 24). Ms. Brooks is correct that SSR 06-03p explains the factors applicable to an evaluation of opinion evidence from sources deemed "not acceptable medical sources," such as registered nurses. *See* 2006 WL 2329939, at * 4–5. However, when evaluating opinion evidence from these sources, the factors are discretionary. *See Id.* at *4 ("Although the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from 'acceptable medical sources,' these same factors *can* be applied to opinion evidence from 'other sources.'") (emphasis added). Furthermore, SSR 06-03p clearly states that, "[n]ot every factor for weighing opinion evidence will apply in every case." *Id.* at *5. Thus, while the ALJ expressly considered the length of the treatment relationship and the consistency of RN Clark's opinions with other evidence, the ALJ was not required to recite each factor. Accordingly, remand on this argument is not appropriate.

Next, Ms. Brooks argues that the ALJ erroneously evaluated her credibility. Pl.'s Mot. 19. She contends that the ALJ erred in the second prong of the two-part test for evaluating a claimant's subjective complaints, set forth in *Craig,* 76 F.3d at 594- 95. I disagree. The first prong requires a showing of objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* at 594. After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. The ALJ followed that process in this case. The ALJ concluded that Ms. Brooks's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 20). However, her statements concerning the intensity, persistence, and limiting effects of the

symptoms were not fully credible. *Id.* The ALJ reasoned that despite Ms. Brooks's complaints of chronic severe knee pain and severe effects of depression and anxiety, her treatment "has been relatively limited and conservative overall…" (Tr. 23). The ALJ noted that Ms. Brooks received no treatment for her physical or mental conditions from August, 2009 to March, 2010, *see* (Tr. 23), and that her treatment largely consisted of medication management, which proved effective. *Id.* The ALJ also highlighted several of Ms. Brooks's inconsistent statements. *Id.* Ms. Brooks testified that she does "not really" perform household chores, and that she "usually stay[s] in [her] bedroom most of the time". (Tr. 50–51). However in Adult Function Reports, Ms. Brooks indicated that she prepares meals daily when she has energy, performs some cleaning and laundry, and shops for groceries. (Tr. 241–42, 251, 253–54). She also stated that she visits with her fiancée's family once or twice a week, and that she goes fishing "once in a while." (Tr. 243, 255). In addition, the ALJ noted that in a visit to the emergency room for a finger laceration, Ms. Brooks reported that she injured herself while using hedge clippers, although she never once reported being capable of performing outdoor household chores. *See* (Tr. 23) (citing Tr. 351). Ms. Brooks argues that the ALJ omitted several of her complaints in the credibility discussion. Pl.'s Mot. 20. While Ms. Brooks can point to testimonial evidence indicating that her symptoms are disabling, the function of this Court is not to weigh conflicting evidence, determine credibility, or substitute its judgment for that of the Commissioner's. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ relied on substantial evidence in reaching the adverse credibility determination. Accordingly, remand is unnecessary.

Given that I find that the RFC assessment is supported by substantial evidence, I do not need to reach Ms. Brooks's final argument that the ALJ should have restricted her to sedentary work, rendering her disabled pursuant to the Medical Vocational Guidelines.

For the reasons set forth herein, Ms. Brooks's motion for summary judgment (ECF No. 12) will be DENIED and Defendant's motion for summary judgment (ECF No. 16) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge